1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  DAVID PEYSER SPORTSWEAR, INC. and
    NATIONAL LIABILITY AND FIRE
11  INSURANCE COMPANY,

12          Plaintiffs,

13      v.

14  SPECTRUM BRANDS, INC.; JOHN DOE
    d/b/a RAYOVAC; and JOHN DOE II,
15
            Defendants.
16

Case No.:

COMPLAINT

IN ADMIRALTY

17

18      Plaintiffs David Peyser Sportswear, Inc. and National Liability and Fire Insurance

19  Company, by and through their attorneys, Cozen O'Connor, for a Complaint against

20  defendants allege as follows:

21      1.  Jurisdiction is proper in this case as it is an admiralty and maritime claim within the

22  meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This case arises under the

23  Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (formerly codified at 46 U.S.C. § 1301 et.

24  seq.), and involves damage to ocean cargo transported aboard the S/S APL PERU from Asia

25  to Seattle, Washington.

26

COMPLAINT - 1

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

2. Venue is appropriate in this case as the voyage at issue terminated in Seattle, Washington.

3. Plaintiff David Peyser Sportswear, Inc. is and at all times material has been a corporation organized and existing under the laws of the State of New York. Its business is the retail sales of men and boys clothing. Some of its business is conducted in the name of a division known as Weatherproof Garment Company.

4. Plaintiff National Liability and Fire Insurance Company is and at all times material has been a corporation organized and existing under the laws of the State of Connecticut. Plaintiff National Liability and Fire Insurance Company insured plaintiff David Peyser Sportswear, Inc. with respect to its losses described herein and National Liability and Fire Insurance Company is subrogated to the rights of David Peyser Sportswear, Inc. to the extent of its payments under the applicable policy, Number CNY00082USA1.

5. Defendant Spectrum Brands, Inc. is believed to be a corporation organized under one of the United States. Spectrum Brands, Inc. imports and sells batteries under the brand name Rayovac.

6. Plaintiffs believe and therefore allege that Spectrum Brands, Inc. and/or John Doe d/b/a Rayovac and/or John Doe II was the shipper of a shipment of Rayovac batteries which were loaded into container APLU 9087454. When plaintiffs learn the identity of any such John Doe defendants, an amended pleading will be filed to identify the entities properly.

7. On or about September 28, 2008, container APLU 9087454, with Rayovac brand batteries stowed within, was loaded onto the S/S APL PERU in Yantian, China, pursuant to a bill of lading issued by APL, for transport across the Pacific Ocean to Seattle, Washington.

8. On or about October 5, 2008, while the S/S APL PERU was at sea in the middle of the Pacific Ocean en route to Seattle, Washington, a fire was detected by the crew in container hold 5 of the vessel. That fire continued and was still in progress when the S/S APL PERU arrived in Seattle on October 9, 2008. After the hatch of container hold 5 was opened, it was

COMPLAINT - 2

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

1   learned that the goods in many containers within that hold had been damaged by fire, heat,

2   water, and/or smoke resulting from the fire and the efforts to extinguish the fire.

3       9.  Subsequent investigation established that the fire in container hold 5 of the S/S

4   APL PERU described above was caused by ignition of the Rayovac batteries within container

5   APLU 9087454 .

6       10.  Plaintiff David Peyser Sportswear, Inc., through its division Weatherproof

7   Garment Company, was the ultimate consignee of a container of goods transported aboard the

8   S/S APL PERU on the voyage which terminated in Seattle on October 9, 2008.  Plaintiff

9   Peyser's goods were transported within container HDMU 5471197, which was stowed in

10  container hold 5 on the vessel, and said goods were damaged as a direct and proximate result

11  by the fire in the hold and/or its aftermath, in an amount to be proven at trial but estimated to

12  be $100,000.

13      11.  The Carriage of Goods by Sea Act, 46 U.S.C. § 30701 (formerly codified at 46

14  U.S.C. § 1301 et. seq.), provides two sections related to the obligations of shippers of cargo.

15  Section 4 (3) provides a standard of liability in the event of "act, fault, or neglect of the

16  shipper, his agents, or his servants," and Section (6) provides a strict liability standard for

17  goods "of an inflammable, explosive, or dangerous nature..."

18      12.  Batteries of the type which defendant Spectrum Brands, Inc., and/or John Doe

19  d/b/a Rayovac, and/or John Doe II shipped and which caused the fire in container hold 5 are

20  "inflammable, explosive, or dangerous" within the meaning of 46 U.S.C. § 30701, Section 6.

21  Their nature is demonstrated by the fire aboard the S/S APL PERU which broke out in the

22  middle of the Pacific Ocean on or about October 5, 2008, as well as by previous fires on other

23  container vessels caused by fire and/or explosion of batteries shipped within containers.

24      13.  Defendant Spectrum Brands, Inc. (and/or John Doe d/b/a Rayovac, and/or John

25  Doe II) by its own acts and/or omissions and/or the acts and/or omissions of its agents or

26  servants, was negligent with respect to the stowage of its batteries within container APLU

COMPLAINT - 3

LAW OFFICES OF
**COZEN O'CONNOR**
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000

9087454 and is liable for any and all damages incurred by plaintiffs proximately related to the fire and/or its aftermath within container hold 5 of the S/S APL PERU.

14. In the alternative, as a result of the "inflammable, explosive, or dangerous" nature of the batteries within container APLU 9087454, defendant Spectrum Brands, Inc. (and/or John Doe d/b/a Rayovac, and/or John Doe II) is strictly liable for any and all damages incurred by plaintiffs proximately related to the fire and/or its aftermath within container hold 5 of the S/S APL PERU.

WHEREFORE, plaintiffs pray for judgment against defendant Spectrum Brands, Inc. (and/or John Doe d/b/a Rayovac and/or John Doe II to be identified) as follows:

1. For judgment in an amount to be proven at trial but estimated to be $100,000;

2. Prejudgment interest as is customarily allowed in admiralty cases;

3. Plaintiffs' fees and costs herein; and

4. For such other and further relief as this court may deem appropriate.

DATED this 6th day of February, 2009.

COZEN O'CONNOR

By: _____
Rodney Q. Fonda, WSBA No. 6594

COZEN O'CONNOR
Washington Mutual Tower
1201 Third Avenue, Suite 5200
Seattle, Washington 98101
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

Attorneys for Plaintiffs David
Peyser Sportswear, Inc. and National Liability
and Fire Insurance Company

SEATTLE\800774\1 228263.000

COMPLAINT - 4

LAW OFFICES OF
COZEN O'CONNOR
A PROFESSIONAL CORPORATION
SUITE 5200
WASHINGTON MUTUAL TOWER
1201 THIRD AVENUE
SEATTLE, WASHINGTON 98101-3071
(206) 340-1000